# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABIMAEL CASIANO-FERNANDEZ,<br>　　　　　Petitioner,<br><br>　　　　　v.<br><br>LOUIS FOLINO, and<br>PA ATTORNEY GENERAL,<br>　　　　　Respondents. | CIVIL ACTION<br><br><br><br>NO. 14-5661 |

## O R D E R

**AND NOW**, this 3rd day of March, 2020, upon consideration of the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by petitioner, Abimael Casiano-Fernandez, and the related submissions of the parties, the record in this case, the Report and Recommendation of United States Magistrate Judge Richard A. Lloret dated October 8, 2019, and Petitioner's Objections to the Report and Recommendation, **IT IS ORDERED** as follows:

　　1.　　The Report and Recommendation of United States Magistrate Judge Richard A. Lloret dated October 8, 2019, is **APPROVED AND ADOPTED**;

　　2.　　Petitioner's Objections to the Report and Recommendation are **OVERRULED**;

　　3.　　The Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by petitioner, Abimael Casiano-Fernandez, is **DENIED**;

　　4.　　A certificate of appealability will not issue because reasonable jurists would not debate this Court's decision that the petition does not state a valid claim of the denial of a constitutional right with respect to petitioner's claims. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The decision of the Court is based on the following:

The petitioner, Abimael Casiano-Fernandez filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. He later withdrew all but one claim – the claim this his trial counsel was

ineffective for failing to investigate, develop, and present the testimony of a blood spatter expert. Petitioner argues that such an expert could have rebutted the Commonwealth's evidence that he did not act in self defense.

Petitioner argues in his Objections that defense counsel's reasons for not calling a blood spatter expert at trial were not valid, and "cannot be credited." The Magistrate Judge analyzed all such reasons advanced by trial counsel and determined that they were valid and should be credited. In short, the Magistrate Judge concluded that trial counsel's reasons for not presenting the testimony of a blood spatter expert at trial were based on reasonable trial strategy. This Court agreed with the Magistrate Judge and thus approved and adopted his Report and Recommendation.

Petitioner urges this Court to second guess trial counsel's strategy – strategy that cautioned against calling a blood spatter as trial witness. This Court declines to do so. Strickland plainly states that such second guessing is improper.

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after is has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." *See Michel v. Louisiana, supra,* 350 U.S., at 101. There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way. *Strickland v. Washington*, 466 U.S. 668, 689-90 (1984).

                                            **BY THE COURT:**

                                            **/s/ Hon. Jan E. DuBois**

                                            **DuBOIS, JAN E., J.**